IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| WILLIAM KARANJA, | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-25-0344 |
| JAPHETH N. MATEMU, ESQ,, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff William Karanja, who is incarcerated and self-represented, filed this lawsuit against an attorney, Japeth N. Matemu, Esq., and his law office, Matemu Law Office, P.C., asserting claims for legal malpractice and breach of contract. ECF 1, 6. Essentially, Plaintiff alleges that he paid Defendants $5000 to pursue claims in federal court that might allow Plaintiff to be deported back to his home country of Kenya, but Defendants did not prepare any filings for Plaintiff and stopped responding to Plaintiff's inquiries. *Id.* Because Plaintiff had paid Defendants for the work they never performed, he was unable to retain another lawyer for a post-conviction hearing. *Id.* Defendants still have Plaintiff's case paperwork and have not returned it to him. *Id.* While Plaintiff's claims, if taken as true, would appear to have merit, they cannot be pursued in federal court for the reasons set forth below.

Because Plaintiff is self-represented, all of his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No.

DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Federal courts are courts of limited jurisdiction and are only permitted to hear cases under particularized circumstances. First, federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds…$75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Here, Plaintiff is a Maryland citizen and appears to allege (based on addresses found in the exhibits attached to the Complaint) that Defendants are citizens of New York and North Carolina. However, Plaintiff's complaint requests damages in the amount of only $15,000 and it is apparent, based on the facts alleged, that the amount in controversy here does not approach the $75,000 requirement for jurisdiction in federal court. Therefore, this Court cannot exercise diversity jurisdiction.

The other option is federal question jurisdiction. However, Plaintiff's claims of legal malpractice and breach of contract are state law claims and are not brought under the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. This Court therefore lacks subject matter jurisdiction to hear Plaintiff's claims, which must be filed in state court.

For the reasons set forth above, Plaintiff's Complaint must be dismissed without prejudice for lack of subject matter jurisdiction to allow him to pursue this matter in state court. Plaintiff's motion to proceed *in forma pauperis*, ECF 2, and motion to appoint counsel, ECF 3, will be denied as moot. This case will be closed. A separate Order follows.

Dated: March 3, 2025                                            /s/
                                                                                    Stephanie A. Gallagher
                                                                                    United States District Judge